**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TANDA BROWN; BERTHA DUENAS; KEVIN NEELY; JANICE LEWIS; DYRONN THEODORE; LASONIA WALKER; EDWARD ALVARADO; JOHN AZZAM; CHARLOTTE BOSWELL; PERNELL EVANS; CHARLES GIBBS; MARIA MUNOZ; LORE PAOGOFIE; CHRISTOPHER WILKERSON, | No. 09-15575

D.C. Nos. 3:04-cv-00098-SI
         3:04-cv-00099-SI
         3:03-cv-02659-SI |
| Plaintiffs, | |
| and | MEMORANDUM* |
| WAUKEEN Q. MCCOY, | |
| Appellant, | |
| v. | |
| FEDERAL EXPRESS CORPORATION, a Delaware corporation, DBA Fedex Express, | |
| Defendant - Appellee, | |
| and | |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

KAY MCKENZIE PARKER; ANGELA ALIOTO, DBA Angela Alioto PLC; CARLENE YOUNG,

Lien Holders.

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Argued and Submitted May 12, 2010
San Francisco, California

Before: REINHARDT, W. FLETCHER and N.R. SMITH, Circuit Judges.

Appellant Waukeen McCoy, an attorney for plaintiffs in the underlying case, appeals the district court's denial of his attorney's fees petition, its imposition of the sanction of refusing to permit him to refile the petition, and its imposition of a $25,000 monetary sanction. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm the initial denial of the attorney's fees petition, vacate the imposition of both sanctions, and remand for further proceedings.

After several of McCoy's clients prevailed at trial, McCoy sought statutory attorney's fees pursuant to 42 U.S.C. § 1988. Defendant Federal Express Corp. ("FedEx") objected and sought sanctions, contending that there were deficiencies in the fee petitions and possible fraud. After extensive proceedings before a

Special Master and a hearing before the district court, the district court found that McCoy had engaged in bad faith conduct by making repeated material misrepresentations regarding his time records and how the fee petitions were created, that he had failed to produce time records responsive to the Special Master's order, and that the fee petitions were inaccurate, unreliable, and contained false entries. It concluded, because it "cannot rely with any confidence on Mr. McCoy's papers, declarations or arguments in support of his fee petitions," that it was appropriate to deny them in their entirety.

We review the denial of attorney's fees for abuse of discretion, and factual findings for clear error. *Saint John's Organic Farm v. Gem County Mosquito Abatement Dist.*, 574 F.3d 1054, 1058 (9th Cir. 2009). We affirm the denial of the fee petitions. The district court was justified in initially denying the fee petitions based on its factual findings about their inaccuracies and McCoy's conduct in creating them. These findings were well supported.

In addition to striking the fee petitions, the district court held that McCoy's conduct merited sanctions. The district court imposed a $25,000 monetary sanction. It also wrote that "one appropriate sanction is to deny the fee petitions with prejudice—that is, strike them from the file without leave to refile or amend them," and imposed that sanction. We review a district court's imposition of

3

sanctions under its inherent power for abuse of discretion. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 55 (1991). We review de novo "issues of law, including whether the district court provided adequate process before imposing sanctions." *Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1109 (9th Cir. 2005).

Inherent power sanctions require a level of procedural protections similar to that required for contempt proceedings. *Lasar*, 399 F.3d at 1109 n.5; *F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1137-39 (9th Cir. 2001). The $25,000 sanction the district court imposed was criminal in nature. It was intended to punish McCoy for his conduct and to vindicate the court's authority and integrity of the judicial process, not to compensate FedEx for losses sustained or to coerce McCoy into compliance with a court order. *See id.* at 1137-38. Nor was there an opportunity for McCoy to reduce or avoid the fine through compliance. *Id.* Accordingly, the district court was obligated to provide McCoy with appropriate procedural protections. *See id.* at 1139-41. Because these protections were not provided, we vacate the $25,000 sanction, and remand to provide the district court the opportunity to provide such protections in a sanctions proceeding. *See id.* at 1141-42.

We also vacate the sanction of striking the fee petitions "with prejudice" and remand for further proceedings. The district court indicated that its denial of

4

permission to McCoy to refile his request for attorney's fees was a "sanction." So long as the district court's decision is characterized as a sanction for past wrongful conduct, McCoy is entitled to procedural protections comparable to those applicable to the monetary sanction described above. Ordinarily, an attorney should be allowed to refile a fee request after errors have been corrected. But in appropriate circumstances a district court may deny permission to refile. For example, a district court may, in its discretion, deny permission to refile when it is evident from prior failures to correct errors that the fee applicant has been either unable or unwilling to correct those errors. The district court is free, on remand, to determine whether a denial of permission to refile may be justified on this basis rather than justified as a sanction. If justified on this basis, the procedural protections applicable to sanctions would of course not apply.

We note that in deciding whether to deny McCoy permission to refile a request for attorney's fees, the district court may wish to consider the possible effect of such a denial on McCoy's clients. It is possible that if McCoy is unable to collect statutory attorney's fees from FedEx he may be able to collect contractual attorney's fees from the clients. In that event, it would be the clients rather than McCoy who would suffer the adverse consequences of McCoy's misconduct in

seeking fees. We do not have any specific direction to the able district court. We note only that this is a factor the court may wish to consider.

**AFFIRMED IN PART; VACATED AND REMANDED IN PART**. Each side shall bear its own costs on appeal.